JOHN O. BROWNING, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, April 25, 1904.

NEGLIGENCE: Evidence: Cause of Injury: Speculation. If the evidence fails to show the cause of the injury and leaves it a matter of mere speculation there can be no recovery.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED.

*Boyd Dudley* for appellant.

(1) The question of assumption of risk in this case is for the jury. Mayes v. Railway, 63 Iowa 567; Trott v. Railway, 115 Iowa 85; Cahow v. Railway, 113 Iowa 229; Brownfield v. Railway, 107 Iowa 254; Stome v. Produce Co., 108 Iowa —, 137 N. W. 841; Cushman v. Fuel Co., 116 Iowa 621; Parsons v. Packing Co., 96 Mo. App. 372; Franklin v. Railway, 97 Mo. App. 473; Larson v. Mining Co., 71 Mo. App. 572; Bradley v. Railway, 138 Mo. 293; Beard v. Car Co., 72 Mo. App. 583; Robbin v. Mining Co., — Mo. App. —. (2) The experience of the plaintiff, his knowledge and presumptions of knowledge are questions of fact for the jury. Mayes v. Railway, 63 Iowa 567; Parsons v. Packing Co., 96 Mo. App. 372; Franklin v. Railway, 97 Mo. App. 473. (3) Before plaintiff could be said to have assumed the risk he must have had a knowledge of the defective character and construction of the horse and an appreciation of the danger. Stome v. Produce Co., 108 Iowa 137; Brice v. Railroad, 103 Iowa 665. (4) The fact that the horse gave way is prima facie evidence of negligence. 7 Am. and Eng. Ency. of Law, 828, note, citing Green v. Banta, 48 N. Y. Sup. Ct. 156; Heckmann v. McKey, 35 Fed. 353. (5) The master must know of defects. The servant can assume that safe appliances will be furnished. Gutridge v. Railway, 105 Mo. 526; Olson v. Produce Co., 111 Iowa 347; 20 Am. and Eng. Ency. of Law (2 Ed.), 57 and cases cited, note 4.

*M. A. Low* and *Frank P. Sebree* for respondent.

The court very properly sustained the demurrer to the evidence. There was no proof of negligence on the part of defendant; nor did the evidence prove what caused the accident, unless it was the act of plaintiff

in loading one side of the wheelbarrow so heavily as to cause it to tip over. The plaintiff was not entitled to recover. Cothron v. Cudahy, 98 Mo. App. 351; Harrington v. Railroad, 78 S. W. 662.

ELLISON, J.—Plaintiff brought this action for personal injuries received by him while in the employment of defendant. The trial court sustained a demurrer to the evidence and judgment was entered for defendant.

It appears that plaintiff was engaged in wheeling dirt from a trench near the defendant's railway track. The trench was about six feet wide. Across this was a plank. Plaintiff did his work in the following way: A plank was laid across the trench with one end resting on what the witness designates as a "horse," which was made out of boards about one hour before the accident. Plaintiff would push his wheelbarrow out on the plank, then get down in the trench, which was deep enough to bring the plank on a level with his breast, and from that position dig dirt from the bottom and throw it up into the wheelbarrow. He had loaded and wheeled away several loads when, at the time of his injury, he had filled his wheelbarrow with about two-thirds of a load, the greater part being on one side of the barrow, it tipped over and fell on him causing severe injury.

Immediately afterwards one of the legs of the "horse" was found to be broken, and plaintiff's case is bottomed on the contention that it broke at the time of the accident and that the wheelbarrow turned over into the trench in consequence of the breaking at that time.

Defendant contends that there was no connection shown between the break of the leg and the turning over of the wheelbarrow. And that there was no showing of what caused the accident. The defendant further contends that the most plausible theory is that the

wheelbarrow was caused to tip off of the plank by plaintiff loading it heavier on one side than the other. He states in his petition that he so loaded it.

We believe the cause of the accident was not shown and to say that it occurred by reason of the negligence of defendant is mere speculation. This was the view of the trial court and we think the judgment should be affirmed.

It seems to us that the most probable theory of the cause of the accident was the uneven loading of the wheelbarrow which caused it to turn off the plank. The wrench and strain which said turning and falling would make caused the leg of the "horse" to break. Plaintiff had loaded and wheeled off several loads a few moments before. It would seem reasonable that if there was to be a breakdown from ordinary use of the plank and "horse" it would have occurred when plaintiff's weight was on the plank.

The judgment is affirmed. All concur.